**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Andrew Sanchez, | ) | No. CV-05-2242-PHX-SMM (LOA) |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Joseph Arpaio, et al., | ) ) | |
| Defendants. | ) ) ) | |

    This matter arises on the Court's review of the file. Plaintiff commenced this civil rights action on July 27, 2005. (Docket # 1.) On December 5, 2005, the Court ordered service on Defendants and ordered Plaintiff to file completed service packets by December 27, 2005. (Docket # 3.)

    Although the deadline for returning the completed service packets passed more than seven months ago, Plaintiff has neither returned completed service packets to the Court nor otherwise effected service on Defendants. In view of Plaintiff's failure to comply with court orders and failure to accomplish service of process, the Court ordered Plaintiff to show cause on or before August 10, 2006 why this matter should not be dismissed without prejudice for failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b) and for failure to serve pursuant to Fed.R.Civ.P. 4(m). (Docket # 7.)

    Plaintiff has neither responded to the order to show cause nor returned the completed service packets to the court. In view of Plaintiff's continued disregard for court orders, the Court will determine whether to dismiss this matter.

1   When considering whether to dismiss an action for failure to comply with court orders
2   and for failure to prosecute the court considers: "'(1) the public's interest in expeditious
3   resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to
4   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
5   availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir.
6   1988)(quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

7   The first two factors support dismissal. Plaintiff's failure to take any substantive action
8   since filing his Complaint has impeded the resolution of this case. Malone v. United States
9   Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Second, Plaintiff's failure to offer any
10  explanation for his delay in returning completed service packets weighs in favor of dismissal.
11  Third, Plaintiff bears the burden of persuasion as to the reasonableness of his delay and lack of
12  prejudice to Defendants. Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984). Under Rule
13  41(b), Plaintiff is required to prosecute his case with reasonable diligence. Moore v. Telfon
14  Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978). There is no evidence that Plaintiff
15  has contacted the Court or Defendants regarding this case. Plaintiff offers no excuse for his
16  failure to prosecute his claims or for his complete disregard for court orders. Under these
17  circumstances, the delay is unreasonable and creates a presumption of prejudice to Defendants.
18  Henderson, 779 F.2d at 1423. Fourth, the Court previously warned Plaintiff that the Court may
19  dismiss the matter if Plaintiff failed to comply with court orders and effect service within the
20  time limits prescribed. (Docket # 3, # 7.) Such warnings satisfy the Court's obligation to
21  consider less drastic alternatives to dismissal. Malone, 833 F.2d at 131. Finally, the public
22  policy in favor of deciding cases on the merits weighs against dismissal. This factor alone,
23  however, is insufficient to outweigh the other factors that support dismissal. Id.

24  After review of the foregoing factors, the Court finds that this matter should be dismissed
25  based on Plaintiff's failure to comply with court orders and failure to prosecute. Fed.R.Civ.P.
26  41(b).

27  Accordingly,
28

1   IT IS HEREBY ORDERED that this matter be **DISMISSED** without prejudice for
2   failure to comply with court orders and for failure to prosecute.   Fed.R.Civ.P. 41(b).
3   DATED this 31st day of August, 2006.

_____
Stephen M. McNamee
United States District Judge